People v Holguin (2023 NY Slip Op 00680)

People v Holguin

2023 NY Slip Op 00680

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-04820

[*1]The People of the State of New York, respondent,
v
Jose R. Holguin, appellant. 

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Rebecca L. Abensur and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), dated June 14, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2016 , the defendant was convicted, upon a jury verdict, of sexual abuse in the first degree, forcible touching, and endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals, and we affirm.
The defendant failed to preserve for appellate review his contention that the People failed to meet their burden of establishing, by clear and convincing evidence, facts supporting his designation as a level two sex offender. In any event, in establishing a sex offender's appropriate risk level under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Wyatt, 89 AD3d 112, 117-118). Here, the Supreme Court properly assessed the defendant a total of 95 points. The People established facts supporting the assessment of points under risk factors 1, 2, 5, 7, 9, 10, and 11 by clear and convincing evidence (see People v Wyatt, 89 AD3d at 117-118).
To the extent that the defendant contends that the Supreme Court should have granted his application for a downward departure, that contention is without merit. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gilotti, 23 NY3d 841, 861; see also Guidelines at 4). Here, the defendant failed to establish his entitlement to a downward departure (see People v Braxdton, 166 AD3d 665, 666).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court